UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| EDSON GELIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-00322-JPH-MKK |
| | ) | |
| S. MERENDINO, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DIRECTING PETITIONER TO SHOW CAUSE
WHY THIS ACTION SHOULD NOT BE DISMISSED**

Edson Gelin, a federal prisoner currently serving a 50-year sentence at the U.S Penitentiary in Terre Haute, Indiana, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1. For the reasons explained below, it appears that Mr. Gelin is not entitled to relief. He is therefore **given until January 3, 2025, to file a response to this Order, showing cause why his petition should not be dismissed**. Also, Mr. Gelin's motion to supplement his petition, dkt. 8, is **granted** to the extent that the Court has considered the arguments set forth in it, and his motion for preliminary injunction, dkt. 5, is **denied**.

**I.
Background**

Mr. Gelin was indicted in the U.S. District Court for the Middle District of Florida on charges of: conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846; four counts of

1

distributing and possessing with intent to distribute various quantities of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); aiding and abetting others in distributing or possessing with intent to distribute cocaine or cocaine base in violation of §§ 841(a)(1), (b)(1)(C) and 2; two counts of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). *United States v. Gelin*, No. 6:17-cr-00131-CEM-TBS, dkt. 384 (M.D. Fla. June 29, 2018) ("Cr. Dkt."). A jury convicted Mr. Gelin on all counts.

The court imposed concurrent 240-month sentences of imprisonment on the drug charges, a consecutive 60-month sentence of imprisonment for the first gun charge, and a 300-month sentence of imprisonment for the second gun charge, to be served consecutively to the other sentences, for a total sentence of 600 months' imprisonment. *Id.* The sentence imposed was the statutory mandatory minimum sentence under the law as it existed at the time.

Mr. Gelin appealed his convictions and sentence, challenging the sufficiency of the evidence, the denial of a motion to suppress, the Court's refusal to give a particular jury instruction, and the sentences as unconstitutional and substantively unreasonable. *United States v. Gelin*, 810 F. App'x 712 (11th Cir. 2020) (per curiam). The Eleventh Circuit affirmed his convictions and sentence. *Id.* He then filed a petition for writ of certiorari, which the Supreme Court denied. Cr. Dkt. 461.

About a year later, Mr. Gelin filed a motion under 28 U.S.C. § 2255 with the sentencing court. *Gelin v. United States*, No. 6:21-cv-1658-CEM-LHP, dkt. 1 (M.D. Fla. Oct. 6, 2021) ("2255 Dkt."). There, Mr. Gelin raised numerous

challenges to his convictions and the sentence imposed, including that the "First Step Act of 2018 should apply to Appellant retroactively." 2255 Dkt. at 2. Mr. Gelin's § 2255 motion is currently under advisement with the sentencing court.

Here, Mr. Gelin frames his § 2241 petition as a challenge to the Bureau of Prisons' ("BOP") calculation of his sentence. He couches his arguments as various challenges to the BOP's authority to keep him in prison, *e.g.*, the BOP has no authority to detain him under 18 U.S.C. § 4001(a), and the BOP's policies are inadequate. Still, Mr. Gelin's arguments all essentially allege that the BOP wrongfully "rubber stamped" the 600-month sentence which was wrongfully imposed by the district court. *See generally* dkt. 1.

## II.
## Applicable Law

Mr. Gelin's § 2241 petition is subject to preliminary review by the Court to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 of the *Rules Governing § 2254 Cases* (applicable to § 2241 petitions pursuant to Rule 1(b)); *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4.

A § 2241 petition for a writ of habeas corpus implicates 28 U.S.C. § 2255. *See Jones v. Hendrix*, 599 U.S. 465, 472–76 (2023) (summarizing the history of federal habeas corpus proceedings, the codification of §§ 2241 and 2255, and the interplay between the two statutes). "A prisoner files a motion to

3

vacate his sentence, which challenges the validity of a sentence, in the court that sentenced him, but he files his petition for a writ of habeas corpus, which challenges the execution of his sentence, in the court that confines him." *Samak v. Warden, FCC Coleman-Medium*, 766 F.3d 1271, 1282 (11th Cir. 2014) (Pryor, J., concurring).

In relevant part, § 2255 provides:

(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
.....
(e) An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

In *Jones v. Hendrix*, the Supreme Court explained that "[Section] 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." 599 U.S. at 473 (2023) (citing *Davis v. United States*, 417 U.S. 333, 343 (1974)). While § 2255 "rerout[ed] federal prisoners' collateral attacks on their sentences to the courts that had sentenced them," it did not "displace § 2241 when a prisoner challenges 'the legality of his *detention*' without attacking the validity of his *sentence*." *Id.* at 474–75 (emphasis in original).

Section 2255 allows a prisoner to challenge the validity of his sentence via a § 2241 petition, but only in the limited circumstances set forth under § 2255(e), namely when his § 2255 remedy is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This provision is referred to as "the saving clause." As set forth by the Supreme Court in *Jones*, the scope of the saving clause is narrow. It "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Jones*, 599 U.S. at 478; *Samak*, 766 F.3d at 1280–81 (Pryor, J., concurring) (discussing the difference between claims challenging a prisoner's detention and claims that challenge the validity of a prisoner's sentence). "The Court noted that the clearest such [unusual] circumstance is the sentencing court's dissolution [but] rejected the argument . . . that § 2255 is necessarily inadequate or ineffective if the § 2255 court failed to apply the correct substantive law." *Fields v. Gilley*, No. 22-2762, 2024 WL 4758831, at *3 (7th Cir. Nov. 13, 2024) (cleaned up). The Seventh Circuit also recently clarified that alleged judicial bias on the part of the sentencing court that will be deciding a prisoner's § 2255 motion is not the type of structural problem that makes the § 2255 remedy inadequate within the meaning of the saving clause. *Id.*

### III.
### Discussion

As relief, Mr. Gelin seeks an order from this Court immediately releasing him from the custody of the BOP. Dkt. 1 at 8. Mr. Gelin tries to skirt § 2255

by characterizing the claims presented in his § 2241 petition as a challenge to the BOP's authority to detain him. *Id.* at 5. But the record shows that the BOP is calculating and executing Mr. Gelin's sentence based on the 600-month sentence that was imposed. Dkt. 1-1 at 8 (BOP sentencing computation documents showing that BOP considers his aggregate sentence to be 600 months). That is, regardless of how Mr. Gelin characterizes his claims, he is not challenging the BOP's execution of his sentence or the legality of his detention. *Jones*, 599 U.S. at 475 (providing examples of challenges to a prisoner's detention, such as being detained in a place or manner not authorized by the sentence, unlawful denial of good time credit, and administrative sanction affecting the conditions of detention). He is, in fact, challenging the validity of his sentence itself.

To challenge the legality of his sentence, Mr. Gelin's remedies are (1) a direct appeal in the criminal case, and (2) a § 2255 motion in a civil case. Mr. Gelin exercised his right to appeal his convictions and the sentence imposed, which were affirmed by the Eleventh Circuit. *Gelin*, 810 F. App'x at 726. And, as noted, his § 2255 motion is currently pending before his sentencing court in the Middle District of Florida. If Mr. Gelin is denied relief in his § 2255 proceeding, he may seek permission from the Eleventh Circuit to file a successive § 2255 petition. *Jones*, 599 U.S. at 477–78.

Mr. Gelin may challenge his conviction or sentence via § 2241 petition only if he can show that his currently pending § 2255 proceeding is "inadequate or ineffective to test the legality of his detention" within the

6

meaning of the saving clause.  He has not done so.  There is no structural problem preventing him from seeking relief under § 2255 in his sentencing court.  Indeed, as noted, his § 2255 motion is currently pending.  Mr. Gelin also has not identified any other circumstance that makes his remedy by § 2255 inadequate or ineffective.

He asserts that his § 2255 remedy is not sufficient because he is not challenging his conviction or sentence and is instead challenging the BOP's authority to detain him and its calculation of his sentence.  Dkt. 1 at 5.  But each of his arguments that the BOP lacks the authority to detain him boil down to the same point—the sentencing court erroneously imposed his 600-month sentence, and the BOP should independently correct this error through a different calculation of his sentence.  Dkt. 1.  That is, all of his arguments are really collateral challenges to his sentence.  And, as set forth, he cannot meet the criteria for launching a collateral challenge under § 2241.

Accordingly, the Court lacks jurisdiction over his habeas petition.  *See* 28 U.S.C. § 2255(e); *see also Jones*, 599 U.S. at 477–78 (explaining that once a petitioner has made a collateral attack on their sentence under § 2255, successive collateral challenge can be made only under circumstances set forth in § 2255(h)); *Hogsett v. Lillard*, 72 F.4th 819, 822 (7th Cir. 2023) (district court lacked subject matter jurisdiction over § 2241 petition challenging validity of sentence that fell outside § 2255(h)).

**IV.**

**Conclusion**

Mr. Gelin has until **January 3, 2025,** to file a response to this Order

showing cause why his § 2241 petition should not be dismissed.  **Failure to**

**respond to this Order will result in the dismissal of the habeas petition**

**without further notice.**  In addition, because he has not shown a likelihood of

success on the merits of his habeas petition, Mr. Gelin's motion for preliminary

injunction, dkt. [5], is **denied**.  *See Speech First, Inc. v. Killen*, 968 F.3d 628,

637 (7th Cir. 2020) (to obtain a preliminary injunction, a party must show,

among other things, that he has some likelihood of success on the merits of his

claims).  Finally, his motion to supplement, dkt. [8], is **granted** to the extent

that the Court has considered the arguments in the motion.

**SO ORDERED.**

Date: 12/3/2024

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana


Distribution:

EDSON GELIN
68751-018
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808